## Gay Dorn v. Phillip Geuder et al.

1. DECREES—*Upon Conflicting Evidence.*—Whether the interest note due March 3, 1895, was extended to a time subsequent to the filing of the bill, being a question of fact concerning which the evidence was conflicting, the court declines to disturb the decree, based upon the master's finding that there was no valid extension of the time of payment.

2. EQUITY PLEADING—*Statement of Default in Making Payments.*— An allegation in a bill to foreclose a mortgage, "that default has been made in the payment of the principal sum of said note, together with a large amount of interest thereon," is sustained by proof of default in the payment of interest, where there is a clause in the mortgage sought to be foreclosed, giving the mortgagee the right to declare the principal due upon a failure to make any interest payment, and an allegation of the specific default relied on is not necessary.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 15, 1897.

CHARLES PICKLER, attorney for appellant.

LACKNER & BUTZ, attorneys for appellees.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

On March 3, 1890, the appellant executed and delivered a trust deed upon certain real estate, to secure his principal note for $6,000, payable three years afterward, with interest, evidenced by interest notes payable half yearly, said $6,000 being a part of the purchase price for said real estate. No question is made but that all of said interest notes were paid.

As to what occurred afterward, the master in chancery, to whom the cause was referred, found and reported as follows:

"That afterward, the time of payment of said principal note was extended from the date of its maturity, March 3, 1893, by agreement of parties, to March 3, 1894, and that on maturity of extended time, by agreement of parties, the principal sum was extended from 1894 to 1897, and six

interest notes were given to evidence the interest for the last extended period; of these notes, the one maturing September 3, 1894, was paid, canceled and surrendered, the coupon note of March 3, 1895, was not paid at maturity, nor was any attempt made to pay it until after the commencement of this suit.

The trust deed contained a provision that if default should be made in payment of the indebtedness or interest thereon, the whole of the principal and all interest should, at the option of the legal holder of the note, become immediately due and payable.

One of appellant's contentions is that the bill was filed prematurely, because of a claimed valid extension of the time of payment of the interest note, maturing March 3, 1895, to a date subsequent to the filing of the bill, but that being a question of fact concerning which the evidence was conflicting, we would not disturb the decree, based upon the master's finding that there was no valid extension of the time of payment, with which we fully agree.

The point is made by the appellant that the bill does not support the real case, as shown by the proofs, upon which the appellee is entitled to relief.

Appellant's contention is that the two extensions above mentioned and the specific default relied on, namely, the non-payment of the interest note which fell due March 3, 1895, should have been stated in the bill, and that this not having been done, there is a variance between the allegations and the proof. We can not concur in this view. The bill avers " that default has been made in the payment of the principal sum of said note, together with a large amount of interest thereon."

All the notes given on the last extension, including the note due March 3, 1895, were for interest on the principal sum evidenced by the note for $6,000, of date March 3, 1890. Appellant in his answer says that " the interest notes executed March 3, 1885, were given to evidence the interest to accrue upon said principal note during the three years, March 3, 1894, to March 3, 1897."

The default alleged being the non-payment of interest due

on the principal sum, and the proof showing such non-payment, there is clearly no variance between the allegation and the proof.

This disposes of all the objections relied on by appellant in argument.

The decree is affirmed.